The board of public utility commissioners granted the defendant railroad the right to lay a freight track across South Fourth street, in the town of Harrison, a spur to the works of the Public Service Company. The town filed a bill to restrain the construction, and upon motion for an injunction pendente lite
this memorandum was filed:
"Under section 21 of the Public Utilities act, the commission has exclusive jurisdiction of the location of railroads over the highways of the state. Previous delegation by the state of power to regulate granted to municipalities or other state agencies is superseded and abrogated by the act. In 98 N.J. Law 106 it was held that municipal consent was not a condition precedent to the judgment of the utility commission. Municipal concurrence is not a condition precedent to the execution of that judgment. 89 N.J. Eq. 95
is not an authority to the contrary. Injunction denied."
Thereupon the railroad filed a counter-claim to enjoin police interference by the town, and the cause is on final hearing on the case made by the pleadings, there being no disputed questions of act. The town's claim is that its consent is necessary, in concurrence with that of the public utility commission, before the spur can be laid. The views stated in the memorandum are adhered to, but amplified. The control of highways of the state is in the legislature by virtue of its sovereign power, and their devotion to general public use cannot be diverted except by its consent, directly or through agencies to which it may delegate the power. By section 27 of the Railroad act of 1903 (Comp.Stat. p. 4232), the legislature delegated to the governing bodies of cities and towns through which railroads pass the authority to consent to grade crossings. Later, in 1911, the legislature created the board of public utility commissioners to "have general supervision and regulation of, jurisdiction and control over, all public utilities, and also over their property, property rights, equipment facilities and franchises" so far as may be necessary for the purpose of carrying out the provisions of the act. Comp. Stat. Cum. Supp. p. 2878. The act particularizes the powers of the board, and, among others, by section 21, authorizes that body to grant to railroads the *Page 429 
right to cross public highways at grade. The legislative scheme, creating the utility commission as an institution in our governmental system, and conferring upon it sovereign supervision and control over railroads, clearly comprehends exclusive jurisdiction over the manner in which such railroads may cross public highways of the state. Section 21 substitutes that body for cities and towns theretofore exercising the power to make the determination and supersedes the method of regulation provided for by the Railroad act. It would be entirely out of harmony with the scheme if cities and towns retained the power to nullify the judgment of the board. This view of the effect of the Utility act was entertained by the supreme court in Atlantic City RailroadCo. v. Pleasantville, 99 N.J. Law 328; affirmed,100 N.J. Law 394, a case involving the violation of a town ordinance regulating the speed of trains through the town, the court being of the opinion that the right to regulate is now vested in the commission. In Perth Amboy v. Board of Public UtilityCommissioners, 98 N.J. Law 106, it was sought to set aside an order of the commission granting permission for a railroad grade crossing over a public street on the ground that the city had not consented, and it was held that the consent was not necessary as a condition precedent to the exercise of the power by the board. Meaning, obviously, that the consent was not necessary either to the exercise of the power or the enjoyment of the permission.Hudson County v. Central Railroad Co., 68 N.J. Eq. 500, andUnited New Jersey Railroad and Canal Co. v. Freeholders ofHudson, 89 N.J. Eq. 95, relied upon by the complainant, are not in conflict. The earlier case was decided before the Utility act came into being, and in the latter the statement by Vice-Chancellor Griffin, that the municipal consent was necessary, was discussion, and not decision of the question before him. That was not a grade crossing case.
The additional ground alleged in the bill that under "An act providing for the formation, establishment and government of towns," chapter 113 of the laws of 1895, and under chapter 152 of the laws of 1917 (Com. Stat. Cum. Supp. p. 2071), known as the Home Rule act the town has concurrent *Page 430 
jurisdiction, was not pressed on the argument or in the briefs, and is treated as abandoned.
A perpetual injunction will issue according to the prayer of the counter-claim.